# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NETBANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06CV1295 HEA ) |
| FELITA S. WILLIAMS, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Williams' Joint Motion to Dismiss or, Alternatively, Motion to Make More Definite and Certain, [Doc. No. 47], and Defendant Fidelity National Title Insurance Company's Motion to Dismiss Count X of Plaintiff's Complaint, [Doc. No. 52]. Plaintiff opposes both motions. For the reasons set forth below, the Joint Motion is denied; the Motion to Dismiss Count X is granted.

## Facts and Background[1]

Plaintiff brought its thirteen count Complaint to recover for claims arising out of a series of "federally related mortgage loan" (as defined in 12 U.S.C. § 2602)

---

[1] This factual summary is set forth for the purposes of these motions only and in no way relieves any party of necessary proof of any facts in further proceedings.

transactions funded by Plaintiff to certain borrower/Defendants in the City and County of St. Louis, Missouri. The Complaint sets forth the mortgage loan transactions in specific detail as to the Borrower, the real property purchased, the date, and the amount. Each of the Loans was brokered by Defendants Melita S. Williams and Williams Financial, LLC fka Delta Mortgage Group, Inc. These loans allegedly contained material misstatements of fact regarding the Borrower's credit. None of the loans have been paid and are in various stages of foreclosure. Plaintiff further lists the principal balances due.

Plaintiff specifically details the actions taken by the Brokers with respect to the loans, and the misrepresentations made thereupon regarding credit histories, social security numbers and employment information. The Complaint sets forth the false employment information provided in support of the applications for the loans.

The Complaint further details the roles of the other defendants and the actions regarding the loans, such as the actions taken by the title company as closing agent for the loans, and Fidelity, the title insurance company regarding the validity of liens.

Based on the alleged false information, Plaintiff lent the funds for the purchase of the real estate. Plaintiffs seek recovery under various theories,

including, fraud, mail fraud, bank fraud, breach of contract, negligence, and civil conspiracy.

**Joint Motion to Dismiss or,  
Alternatively, Motion to Make More Definite and Certain**

Defendants Felita Williams and Williams Financial LLC seek dismissal under Rule 9(b), arguing that the Complaint fails to plead both fraud and scienter with sufficient specificity to frame contested issues of actual facts in order to permit these defendants to adequately respond. Defendants contend they are unable to formulate a response to the Complaint because Plaintiff has failed to distinguish between Felita Williams and Williams Financial LLC, and further that Plaintiff, through repeatedly alleging actions by "Defendants," fails to articulate the specific actions taken with respect to these defendants.

Complaints alleging fraud must comply with Rule 9(b) of the Federal Rules. Under Rule 9(b), "the circumstances constituting fraud ⋯ shall be stated with particularity." Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920-21 (8th Cir.2001)).

To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002). The complaint must identify the "who, what, where, when, and how" of the alleged fraud. *Costner,* 317 F.3d at 888 (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997)); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Rule 9(b) requires more than "conclusory and generalized allegations." *Joshi,* 441 F.3d 552, 557(citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002) ("'[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ].'") (quoting *Commercial Prop. Inv. v. Quality Inns,* 61 F.3d 639, 644 (8th Cir.1995).

Plaintiff's Complaint satisfies the requirements of Rule 9(b). The fifty page Complaint sets forth in particular detail the basis upon which Plaintiff claims certain defendants committed fraud. Plaintiff sets forth the who--the Borrowers and the Brokers; the what--loans acquired through misrepresentations; the where--the loan

offices and closing sites, among other locations such as the Brokers' offices; the when--the dates the loans were made and when they were defaulted; and the how--through the use of false records regarding employment and credit. Plaintiff has left nothing to plead. Defendants are fully advised of the actions Plaintiff alleges were fraudulent. Although Defendants are unhappy about a failure to distinguish between Felita Williams and Williams Financial LLC, Plaintiff agues that Felita Williams is Williams Financial LLC and therefore there can be no distinction. Proof of such position is not yet required of Plaintiff, rather, Plaintiff's Complaint is simply setting forth the grounds upon which it is bringing suit. In those instances where Plaintiff alleges that "Defendants" took certain actions, each Defendant is therefore being notified that Plaintiff is alleging this action as to each of them. Defendants, therefore should accordingly respond to these allegations as if Plaintiff once again set forth that defendants name with respect to that particular allegation.

Plaintiff's allegations are neither conclusory nor generalized. They specifically set forth facts upon which Plaintiff claims fraud. Defendants are clearly apprised of the actions Plaintiff alleges constitute fraud. Defendants are therefore specifically notified of the basis of Plaintiff's claims of fraud. As such, the Motion to Dismiss under Rule 9(b) of the Federal Rules of Civil Procedure is denied. Through the same analysis, Defendants' Motion to Make More Definite and Certain

is denied. Defendants are clearly apprised of the claims against them. Any uncertainty can be resolved through the discovery process.

**<u>Motion to Dismiss Count X</u>**

Defendant Fidelity National Title Insurance Company, (Fidelity), moves to dismiss for lack of this Court's subject matter jurisdiction under the provisions of Rule 12(1)(b) of the Federal Rules of Civil Procedure.

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id*. The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id*.

Defendant Fidelity facially challenges the Court's subject matter jurisdiction, thus the Court presumes the truth of Plaintiff's jurisdictional allegations. Even assuming the truth, however, the Court agrees with Fidelity that Plaintiff has completely failed to set forth the basis of the Court's jurisdiction over it. While the Court recognizes that it possesses jurisdiction over certain Defendants based on alleged violations of federal statutes, there are no such claims as to Fidelity.

Although Plaintiff argues in response to the Motion that the Court has supplemental jurisdiction over Fidelity, such is not presented on the face of the Complaint, nor is it set forth in any of the allegations within the Complaint. Plaintiff has failed to allege a necessary element of this Court's jurisdiction over Fidelity, and the Motion is granted. Plaintiff is given leave to file an Amended Complaint setting forth the basis for this Court's jurisdiction[2] over any claims[3] against Fidelity.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Williams' Joint Motion to Dismiss or, Alternatively, Motion to Make More Definite and Certain, [Doc. No. 47], is denied.

**IT IS FURTHER ORDERED** that Defendant Fidelity National Title Insurance Company's Motion to Dismiss Count X of Plaintiff's Complaint, [Doc. No. 52], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is granted 14 days from the date

---

[2] It would behoove Plaintiff to establish in its jurisdictional allegations why the claim against Fidelity should, under the Court's supplemental jurisdiction, be adjudicated along with the other defendants.

[3] Plaintiff, in response to the Motion also seeks leave of court to add a promissory estoppel claim against Fidelity. Leave to file such a claim is granted.

of this Order to file an Amended Complaint as set forth herein.

Dated this 4th day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE