# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NETBANK, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FELITA S. WILLIAMS, et al., )<br>)<br>    Defendants. ) | Case No. 4:06CV1295 HEA |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Fidelity National Title Insurance Company's Motion to Dismiss Counts X and XIV of Plaintiff's First Amended Complaint, [Doc. No. 81]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is denied.

## Facts and Background[1]

The facts and background of this matter are set forth in the Court's May 4. 2007 Memorandum and Order as follows:

> Plaintiff brought its thirteen count Complaint to recover for claims arising out of a series of "federally related mortgage loan" (as defined in 12 U.S.C. § 2602) transactions funded by Plaintiff to certain borrower/Defendants in the City and County of St. Louis, Missouri.

---

[1] This factual summary is set forth for the purposes of these motions only and in no way relieves any party of necessary proof of any facts in further proceedings.

The Complaint sets forth the mortgage loan transactions in specific detail as to the Borrower, the real property purchased, the date, and the amount. Each of the Loans was brokered by Defendants Melita S. Williams and Williams Financial, LLC fka Delta Mortgage Group, Inc. These loans allegedly contained material misstatements of fact regarding the Borrower's credit. None of the loans have been paid and are in various stages of foreclosure. Plaintiff further lists the principal balances due.

Plaintiff specifically details the actions taken by the Brokers with respect to the loans, and the misrepresentations made thereupon regarding credit histories, social security numbers and employment information. The Complaint sets forth the false employment information provided in support of the applications for the loans.

The Complaint further details the roles of the other defendants and the actions regarding the loans, such as the actions taken by the title company as closing agent for the loans, and Fidelity, the title insurance company regarding the validity of liens.

Based on the alleged false information, Plaintiff lent the funds for the purchase of the real estate. Plaintiffs seek recovery under various theories, including, fraud, mail fraud, bank fraud, breach of contract, negligence, and civil conspiracy.

Defendant Fidelity National Title Insurance Company, (Fidelity), moves to dismiss the First Amended Complaint[2] for lack of this Court's subject matter jurisdiction under the provisions of Rule 12(1)(b) of the Federal Rules of Civil

---

[2] Fidelity questions Plaintiff's filing of an entire First Amended Complaint after having filed an Amended Complaint by interlineation. The subsequent filing was done at the behest of the Court in order that the record is fully complete and not as confusing as would be with an amendment by interlineation. The Court does not know the reason for the change in the requested damage amount

Procedure and alternatively for failure to state a cause of action under Rule 12(b)(6).

**<u>Subject Matter Jurisdiction</u>**

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.*

Defendant Fidelity facially challenges the Court's subject matter jurisdiction, thus the Court presumes the truth of Plaintiff's jurisdictional allegations. Plaintiff has amended its original Complaint to include allegations of supplemental jurisdiction regarding Fidelity.

Whether a court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) is determined by the following test: " 'a federal court has jurisdiction over an entire action, including state-law claims, wherever the federal-law and state-law claims in the case "derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding."'" *Kan. Pub. Employees Ret. Sys. v. Reimer & Koger, Assocs., Inc.,* 77 F.3d 1063, 1067 (8th Cir.1996) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S.

343, 349 (1988) (in turn quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725-26 (1966))); *see Cossette v. Minn. Power & Light,* 188 F.3d 964, 973 (8th Cir.1999) ("A district court may exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the plaintiff's federal claims and when the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding.") (citing *Kan. Pub. Employees Ret. Sys.,* 77 F.3d at 1067); *Meyers v. Trinity Med. Ctr.,* 983 F.2d 905, 907 (8th Cir.1993); *Alumax Mill Prods., Inc. v. Congress Fin. Corp.,* 912 F.2d 996, 1005 (8th Cir.1990); *Appelbaum v. Ceres Land Co.,* 687 F.2d 261, 262-63 (8th Cir.1982); *Wrist-Rocket Mfg. Co. v. Saunders Archery Co.,* 578 F.2d 727, 734-35 (8th Cir.1978). In sum, supplemental jurisdiction under subsection (a), is appropriate where the federal-law claims and the state-law claims in the case "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to bring all of the claims in one suit. *See Kan. Pub. Employees Ret. Sys.,* 77 F.3d at 1067. The court notes that all of the plaintiffs' causes of action arise out of certain defendants' allegedly fraudulent scheme to induce Plaintiff into lending funds. Plaintiffs' claims against Fidelity arise out of the alleged contract between Plaintiff and Fidelity with respect to the Closing Protection Letters issued for each of the loans.

All of Plaintiff's claims against Fidelity are "so related to" the Loans at issue

"that they form part of the same case or controversy under Article III of the United States Constitution," even if those claims would not meet the requirements of federal jurisdiction on their own. 18 U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County,* 429 F.3d 740, 746 (8th Cir.2005) (quoting *United Mine Workers,* 383 U.S. at 725.) A plaintiff's claims derive from a common nucleus of operative fact if the "claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130. Plaintiff's claims against Fidelity all arose from the same set of facts and would ordinarily be expected to be tried together. But for the alleged fraudulent scheme and the resulting closings of the loans, Plaintiff would not have any of these claims against Fidelity. Because of the course of events that followed the initiation of the Loans and the subsequent actions taken with respect to those Loans, Plaintiff brings Counts X and XIV against Fidelity. Plaintiff must prove the same set of operative facts with respect to the federal claims as with the state claims. Consequently, the Court has supplemental jurisdiction over all of Plaintiff's claims raised in the First Amended Complaint. *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 350 (8th Cir. 2007).

## **Failure to State a Claim**

Fidelity also challenges the sufficiency of Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block,*

*Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

Neither party disputes the elements under Missouri law for a breach of contract action. As stated in *Superior Insurance Com. v. Universal Underwriters Insurance Company*, 62 S.W.3d 110 (Mo. Ct. App. 2001), those elements are: (1) the existence of an enforceable contract between the parties to the action; (2) mutual obligations have arisen under the contract terms; (3) defendant has not performed its obligations imposed by the contract; and (4) plaintiff was thereby damaged.

Construing the allegations of the First Amended Complaint in the light most favorable to Plaintiff, this Complaint includes all of the necessary pleading elements. Issues with respect to proof are not properly determined in the failure to state a claim analysis. Plaintiff alleges that a Letter Agreement existed between it and Fidelity in order to assure that the title company honestly transacts the real estate closing funds and documents. Further, the First Amended Complaint alleges that Fidelity issued the general closing protection letter to Plaintiff on February 1. 2005 regarding the loans at issue and agreed to reimburse Plaintiff for loss incurred in connection with the closings. It can be inferred from these allegations that the parties had entered into a contract regarding the actions of the title company. Likewise, Count X includes allegations sufficient to establish the remaining elements. Count X alleges that the title company committed fraud or dishonesty in

the handling of Plaintiff's funds and that Plaintiff would not have authorized the closing of certain loans had it known of the fraud or dishonesty. It's alleged actual losses are alleged as well. Plaintiff seeks recovery of the alleged losses. While Count X does not specifically set forth that these allegations are the "elements" of a breach of contract action, such is not required under the federal system of notice pleading. Defendant is clearly put on notice that Plaintiff is claiming that it failed to satisfy its obligations under the parties' agreement. Where the conditions precedent were met in order to relieve Defendant of its obligations under the parties' agreement goes to the issues of proof, not whether Plaintiff has stated a claim under Rule 12(b)(6).

Defendant also disputes that Plaintiff has alleged sufficient consideration. Again, the issue before the Court is sufficiency of the First Amended Complaint, not whether Plaintiff will ultimately be able to prove all of the necessary elements. Plaintiff has alleged that it would not have allowed the title agent to close the Pulliam Loan or the Rogers Loan without having Fidelity assure it that it would compensate Plaintiff for actual losses. Furthermore, Plaintiff alleges that it purchased title insurance from Fidelity in conjunction with these loans. These allegations are sufficient to notify Defendant Fidelity of Plaintiff's claims against it. Through discovery, the parties will be allowed to investigate whether the facts of

this matter sufficiently prove Plaintiff's claims.

As to Plaintiff's Promissory Estoppel claim, the Court agrees with Plaintiff that alternative pleading is an acceptable practice. Once again, the issue is not proof of the claim at this point, rather the Court assesses whether Plaintiff has sufficiently set forth the claim under the appropriate standard. To prevail on a claim of promissory estoppel under Missouri law, Plaintiff must prove that there was (1) a promise; (2) that the promise was detrimentally relied upon; (3) that the promisor could reasonably foresee the precise action the promisee took in reliance; and (4) a resulting injustice absent enforcement of the promise. *See Chesus v. Watts*, 967 S.W.2d 97, 106 (Mo. Ct. App. 1998). Plaintiff has sufficiently alleged all elements of a claim of promissory estoppel. The First Amended Complaint states a promise: that Fidelity would assure that the title company honestly transacts the real estate closing funds and documents; foreseeable reliance: that the parties entered into an agreement regarding the actions of the title company; reliance on that promise: that Plaintiff allowed loans to be closed; and the resulting injustice absent enforcement: that will not recover the loaned funds.

Finally, Fidelity urges dismissal based on ripeness of the claims. The Court agrees with Plaintiff that it has sufficiently pled an "actual case or controversy." Plaintiff has alleged that it is suffering an immediate injury in the form of losses on

the defaulted loans. Plaintiff further alleges that the Closing Protection Letter was designed to reimburse Lender for the losses agreement, thus it has stated a justiciable cause of action as to Fidelity.

## Conclusion

Based on the foregoing analysis, the Court finds that it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims against Fidelity. The Court further finds that Plaintiff has sufficiently stated its claims to withstand a Rule 12(b)(6) challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fidelity National Title Insurance Company's Motion to Dismiss Counts X and XIV of Plaintiff's First Amended Complaint, [Doc. No. 81], is DENIED.

Dated this 22nd day of August, 2007.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE